SHAW, Justice
(dissenting).
I believe that under the plain language of Ala.Code 1975, § 22-52-14, the probate judge in this case had the discretion to deny the payment of expert-witness fees. The Code section states, in applicable part:
“In any commitment proceeding, the fees of any attorney appointed by the probate judge to act as advocate for the petition and any attorney or guardian ad litem appointed by the probate judge for the person sought to be committed shall be set at the rates established by Section 15-12-21; and any expert employed to offer expert testimony, in such amounts as found to be reasonable by the probate judge; and all other costs allowable by law shall be paid by the state general fund upon order of the probate judge.... ”
This Code section contains three clauses set apart by semicolons. The first clause provides that the fees to be paid to attorneys who act as advocates or guardians ad litem are set at the rates found in Ala. Code 1975, § 15-12-21. The second clause provides that the probate judge (as opposed to a Code section) sets the fees to be paid to experts based on what it finds reasonable. The third clause provides “all other costs” — i.e., not the fees of attorneys or expert witnesses — are to be paid if the probate judge so orders.
The issue in this case involves the fee for an expert witness under the second clause: the fee for an expert is set at such amount “found to be reasonable by the probate judge.” Here, the probate judge found that no fee was reasonable. I do not *1012 believe that he exceeded his discretion in so finding.
I do not read the language from the third clause, “shall be paid,” as commanding the probate judge to order the payment of fees to expert witnesses. Instead, it requires only that fees or costs be paid if so ordered by the probate judge. Specifically, the clause states that what “shall be paid” is only what the probate judge orders to be paid: “shall be paid ... upon order of the probate judge....” This language is not directing the probate judge to award fees to the expert, which is the issue involved in this case; it is instead directing that all fees and costs “shall be paid” pursuant to an “order [by] the probate judge.” If there is no “order of the probate judge,” then there is nothing that “shall be paid by the state general fund.” I agree that “any expert employed ... shall be paid” but that that expert will be paid only if the probate judge so orders.